IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 26 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00232-ZLW

ROY J. MAIN,

    Plaintiff,

v.

CINDY MARTIN, Eye Doctor of AVCF and FCF,
GEORGE HUBBS, RN-III Director of Utilization Management, and
JOHN/JOAN DOES, Movement Personnel,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Roy J. Main has filed *pro se* on June 2, 2006, a document titled "Plaintiff's Motion for New Trial." Mr. Main asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on May 25, 2006. The Court must construe the motion to reconsider liberally because Mr. Main is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Main filed the motion to reconsider within ten days after the Order

and Judgment of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice for failure to exhaust administrative remedies. The Court specifically determined that Mr. Main failed to exhaust administrative remedies with respect to his medical treatment claim. Mr. Main argues in the motion to reconsider that the Court erred in dismissing this action because the prison grievance procedure was not available to him.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Main fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Main does not allege the existence of any new law or evidence and the Court remains convinced that Mr. Main failed to exhaust the available administrative remedies with respect to his medical treatment claim. As explained in the Order and Judgment of Dismissal, Mr. Main cannot rely on the denial of a grievance form in 1998 to justify his failure to exhaust administrative remedies regarding the alleged denial of medical care that lasted until 2004. Furthermore, the fact that damages are not available in the administrative remedy procedure also does not justify Mr. Main's failure to exhaust administrative remedies. **See Booth v. Churner**, 532 U.S. 731, 741 (2001). Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that "Plaintiff's Motion for New Trial" filed on June 2, 2006, is denied.

DATED at Denver, Colorado, this 26 day of June, 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00232-BNB

Roy J. Main
Prisoner No. 48337
Sterling Correctional Facility
PO Box 6000 – Unit 21
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  6-26-06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk