IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00232-WDM-MJW

ROY J. MAIN,

Plaintiff,

v.

CINDY MARTIN, et al.,

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
(Docket No. 132)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on July 6, 2007 (Docket No. 20).

Now before the court for a report and recommendation is the pro se incarcerated plaintiff's Declaration in Support of Plaintiff's Motion for a Preliminary Injunction and TRO (Docket No. 132), which has been construed as a motion. It is recommended that the motion be denied.

In that document, plaintiff seeks an order that will (2) ensure that he receives his legal and medical papers that the correctional facility's mail room personnel have allegedly confiscated and (2) keep all future legal and medical papers from being confiscated. Plaintiff states therein that he sent interrogatories to a witness on May 19, 2008, and on June 3, 2008, it was returned to the facility in which plaintiff is housed

because that witness no longer works at the medical department to which he sent the interrogatories. He claims that the mail room personnel say he cannot have those papers. He asks the court to order that the mail room personnel decease in their unlawful actions and return all future legal and medical papers that may come back from other witnesses and lawyers.

This court is unable to enjoin the mail room personnel at Sterling Correctional Facility as they are not parties to this action. See Winslow v. Leh, 577 F. Supp. 951, 952 (D. Colo. 1984) (court is unable to enjoin entities or persons who are not parties to the action and over whom the court has no jurisdiction). "Under Fed. R. Civ. P. 65(d), an injunction is only binding 'upon the parties to the action . . ., [or] those persons in active concert or participation with them . . . .'" Teague v. Hood, 2008 WL 2228905 (D. Colo. May 27, 2008) (quoting Fed. R. Civ. P. 65(d). Here, the only defendants are defendant Martin (an eye doctor at Arkansas Valley Correctional Facility) and Hubbs (Director of Utilization Management), and the claims in this case concern plaintiff's medical care, not any issues with his legal or other mail. There is no evidence that these two defendants acted in concert or participation with the mail room personnel at another correctional facility.

Furthermore, a preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. See Schrier v. University of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005) (setting forth what must be established for an injunction to be granted). In his motion here, plaintiff merely complains of one incident concerning his legal mail. Such an isolated incident, particularly without any evidence of improper motive or interfering with

...

plaintiff's right to access to the courts, would not give rise to a constitutional violation. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

**RECOMMENDED** that the Plaintiff's Motion for Temporary Restraining Order (Docket No. 132) be **denied**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: June 12, 2008　　　　　　　　　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge